Richard C. Busse, OSB #74050
*rbusse@busseandhunt.com*
Jeannette A. Vaccaro, OSB #09616
*jvaccaro@busseandhunt.com*
BUSSE & HUNT
521 American Bank Building
621 SW Morrison Street
Portland, OR 97205
Telephone: (503) 248-0504
Facsimile: (503) 248-2131

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ELDON EUGENE CHAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED RENTALS, INC., a Delaware corporation, and JOHN ZWEIGART,<br><br>Defendants. | Case No. CV10-62-AA<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND<br><br>**Oral Argument Requested** |

Plaintiff respectfully submits the following Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion to Remand.

## I.

## <u>INTRODUCTION</u>

As noted in Plaintiff's Memorandum in Support of Motion to Remand, under Oregon law, it is unlawful "for any person, whether an employer or an employee, to aid, abet, incite,

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 1

compel or coerce the doing of any of the acts forbidden under [Chapter 659A] or to attempt to do so." ORS 659A.030(1)(g) (emphasis added). Despite the clear text of ORS 659A.030(1)(g) creating a cause of action against "*any person, whether an employer or an employee*," it is Defendants' position that no cause of action can be maintained against a supervisor who aids and abets in a violation of ORS 659A.030. In support of their argument, Defendants not only misconstrue relevant case law, the liability imposed by ORS 659A.030(1)(g), and the standard to be applied to motions to remand, but also misapply the fundamentals of statutory construction and interpretation of legislative history in Oregon. Because Plaintiff's claim against Defendant Zweigart is valid under Oregon law, Defendant Zweigart is properly a party to this action, and this case must be remanded back to the Circuit Court for the State of Oregon for the County of Multnomah for lack of jurisdiction.

## II.

## POINTS AND AUTHORITIES

On a motion for remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper. *Sanchez Monumental Life Ins. Co.*, 102 F.2d 398 (9th Cir 1996). Federal jurisdiction must be rejected if there is "any doubt" as to whether removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir 1992).

**A.    Defendants Misconstrue Relevant Oregon Case Law**.

Defendants, in their Response to Plaintiff's Motion to Remand, attempt to advance interpretations of *Schram v. Albertson's Inc.*, 146 Or. App. 415, 934 P.2d 483 (1997) and *McPhail v. Milwaukie Lumber Company*, 165 Or. App. 596, 999 P.2d 1144 (2000), that are simply not accurate. Defendants argue that under *Schram* and *McPhail*, "a claim against a

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 2

supervisor acting in the course and scope of his employment as an aider and abettor under ORS 659A may not be maintained and must be dismissed, when, as here, the sole relief sought is damages and other monetary relief." Defendants' Memorandum in Opposition To Plaintiff's Motion To Remand ("Defs' Memo") at 2. This position, however, misstates and expands the holdings of the *Schram* and *McPhail* courts.

Contrary to Defendants' position, the *Schram* court did not hold that individual supervisors cannot be liable for *monetary relief*. Defs' Memo at 2 (emphasis added). Rather, the court stated "we conclude that the legislature could not have intended that plaintiff's *equitable remedies* under ORS 659.121(1)[1] include judgment against [the plaintiff's supervisors] for either back or front pay." *Id.* at 424. The court explained that relief in the context of ORS 659.121(1) was based on the theory of restitution. *Id.* Therefore, the court reasoned because the employer "is the entity that benefitted from not having to pay wages to plaintiff," it is the "[employer's] ultimate responsibility for the payment of lost wages." *Id.* The court concluded that "the legislature would not have intended that kind of relief, *nor any other type of lost wages*, to be awarded as an *equitable remedy* against [the plaintiff's supervisors]" *Id.* at 424 (emphasis added). Because the plaintiff in *Schram* only sought front and back pay the court held that "plaintiff does not seek any remedy against [her supervisors] that is available under the statute on the facts alleged." *Id.* at 421-424.[2] The language of the *Schram* court's opinion and holding are clear - that supervisors will not be liable for the equitable remedies of back pay and front pay.

---

[1] ORS 659.121, now repealed, provided the remedies available to a plaintiff alleging unlawful discrimination and was the precursor to ORS 659A.885.

[2] At the time only equitable remedies were available for violations of ORS 659.030.

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 3

Thus, Defendants' argument that *Schram* holds supervisors cannot be liable for *monetary relief* is without merit or legal support.

Defendants' reliance on *McPhail* is similarly misplaced. Although the *McPhail* plaintiff and defendant framed their respective Questions Presented in terms of whether individual managers can be held personally liable for "statutory claims" when they aid or abet in an unlawful employment practice, the specific legal question at issue on appeal was whether back pay is recoverable from individual managers. *See*, "Summary of Argument," Brief of Appellant at 3-4, ¶9 ("Such aiders and abettors are individually liable for back pay under the statutory claims contained in ORS 650.030, 659.410(1), 659.425, and 659.121.") and "Individual Liability of Defendant's Morse and Fitzgerald," Brief of Appellant at 27, *McPhail v. Milwaukie Lumber Company*, No. A98729 (Or. Ct. App. Nov. 30, 1998), attached as Exhibit 1 to the Declaration of Jeannette A. Vaccaro in Support of Motion to Remand.[3] Because the only relief at issue on appeal was back pay, the court applied *Schram* to deny recovery of back pay from the individual supervisors. *McPhail*, 165 Or. App. at 598 n.1. As discussed above, Plaintiff does not dispute that under the then applicable statute *Schram* foreclosed recovery of injunctive relief from individual supervisors. *See* section II.A., *supra*. Therefore, Defendants' reliance on *McPhail* for the proposition that "managers, such as John Zweigart, who are sued under an aider or abettor theory are not personally liable," Defs' Memo at 9, is simply not supported by that case.

In fact, the *Schram* court specifically rejected Defendants' argument that supervisors are

---

[3] Pursuant to FRE 201, Plaintiff requests that this Court take judicial notice of these pages from the brief filed with the Oregon Court of Appeals. *See* FRE 201 (b)(2) and (d), *Green v. Warden*, 699 F.2d 364-369 (7th Cir. 1983) (federal courts may take judicial notice of proceedings in other courts "both within and outside the federal judicial system.").

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 4

not liable, individually, under ORS 659.030 (renumbered ORS 659A.030), stating "the plain text of the statute [ORS 659.030(1)(g), now ORS 659A.030(1)(g)] clearly encompasses both employees and employers and reaches those employees who aid and abet unlawful employment practices." *Id.* at 422.

Although the court concluded that individual managers were not liable for equitable remedies, subsequent to *Schram* the legislature amended ORS 659A.885(3) to afford a plaintiff aggrieved by violations of ORS 659A.030 compensatory and punitive damages in addition to equitable remedies. *See* ORS 659A.885(3). Here, Plaintiff has alleged economic loss, emotional distress and attorney and expert witness fees, in addition to reserving the right to allege punitive damages against both Defendants. Because those damages are now available to a plaintiff alleging violations of ORS 659A.030(1)(g), Plaintiff has stated a cause of action against Zweigart for which he may be held individually liable and joinder is proper. ORCP 28; *see also* FRCP 20.[4]

**B.   Defendants Misinterpret The Liability Imposed By ORS 659A.030(1)(g), Which Does Not Require A Defendant To Be An Employer**.

Although Defendants argue that Defendant Zweigart is not an "employer" within the meaning of ORS 659A, Defs' Memo at 9, the definition of "employer" is of no consequence to claims brought under ORS 659A.030(1)(g). As previously stated, it is unlawful under Oregon

---

[4] ORCP 28 states, "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. all persons may be joined." Similarly, FRCP 20 governs permissive joinder of defendants when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 5

law "for any person, *whether an employer or an employee*, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [Chapter 659A] or to attempt to do so." ORS 659A.030(1)(g) (emphasis added); *Schram*, 146 Or. App. at 422.[5] Because ORS 659A.030(1)(g) applies to the acts of employers and employees alike, Plaintiff has stated a cause of action against Defendant Zweigart under Oregon law.[6]

**C. Defendants' Misunderstand The Standard Applied To Motions To Remand And Have Failed To Meet Their Burden To Prove Federal Jurisdiction.**[7]

Defendants are correct that "a complaint is subject to dismissal under ORCP 21A(8) unless it contains facts supporting the allegation." Defs' Memo at 10, *citing Huang v. Claussen*, 147 Or. App. 330, 334 (1997). Defendants, however, have not made a motion to dismiss under ORCP 21A(8).

On a motion for remand, the removing defendant bears the burden of establishing that removal was proper. *Sanchez Monumental Life Ins. Co.*, 102 F.2d 398 (9th Cir 1996). Instead of addressing their burden under controlling law Defendants cite to *Badon v. RJR Nabisco*, 224 F.3d 382 (5th Cir 2000), *Gomes v. Michaels Stores, Inc.*, 2006 WL 3079024 (E.D. Cal 2006), and

---

[5] Defendants' reliance on *Zasada v. Gap, Inc.*, 2006 U.S. Dist. LEXIS 62483 (D. Or., Aug. 10, 2006) and *Ballinger v. Kalmath Pacific Corp.*, 135 Or. App. 438, 898 P.2d 232 (1994) is misplaced because the statutes at issue in those cases, ORS 659A.112 and ORS 659A.030(1)(b), specifically limit liability to "employers."

[6] Plaintiff's Complaint alleges Zweigart "participated in and/or aided and abetted" United Rentals in terminating Plaintiff because of his age in violation of ORS 659A.030. Plaintiff's Complaint at ¶¶ 2 & 4.

[7] Defendants are correct that "a complaint is subject to dismissal under ORCP 21A(8) unless it contains facts supporting the allegation." Defs' Memo at 10, *citing Huang v. Claussen*, 147 Or. App. 330, 334 (1997). Defendants, however, have not made a motion to dismiss under ORCP 21A(8).

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 6

*Peters v. Metropolitan Life Ins. Co.*, 164 F Supp 2d 830 (S.D. Miss. 2001) in an attempt to shift the burden of disproving federal jurisdiction onto Plaintiff. These cases, however, reinforce the requirement that it is Defendants' burden to prove a lack of jurisdiction. *Carpenters Southern Cal. Admin. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir. 1984); *Hendrickson v. Xerox Corp.*, 751 F. Supp. 175, 176 (D. Or. 1990). Specifically, in *Badon* and *Gomes,* the court found the non-diverse defendants were fraudulently joined because of the plaintiffs' "wholesale failure to address the *evidence presented by defendants refuting plaintiff's claim*." *Badon*, 224 F.3d at 392 (emphasis added); *see also Gomes*, 2006 WL 3079024 at *2.[8]

Notwithstanding Defendants' burden, Defendants' have presented no evidence contradicting Plaintiff's claim that Defendant Zweigart was acting within the course and scope of his employment for Defendant United Rentals or denying that Defendant Zweigart aided and abetted in the discrimination alleged. Defendants' sole argument is that Defendant Zweigart, as Plaintiff's supervisor, cannot be held liable for aiding and abetting in the unlawful discrimination. Defs' Memo at 5-9 & 12-17.[9] Plaintiff's original motion, as well as sections II.A, II.B, II.D and II.E of this reply rebut that contention.

Further, despite Defendants' assertions to the contrary, a district court may consider affidavits or other evidence, presented by either party, on the issue of whether a particular

---

[8] *Peters*, although also cited, is not on point. In that case the court found the non-diverse defendants were fraudulently joined because the complaint did not comply with the heightened pleading standard requiring that claims of fraud be plead with particularity.

[9] Defendants' do allege that "defendant Zweigart did not make the final decision to eliminate the plaintiff's job," Defs' Memo at 17 & 18, however, that does not refute Plaintiff's assertion that he aided and abetted in the unlawful discrimination alleged.

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 7

defendant's joinder is "sham" or "fraudulent."[10] *West American Corp. v. Vaughan-Bassett Furniture Co., Inc.,* 765 F.2d 932, 937 (9th Cir. 1985) ("the district court had jurisdiction to entertain all arguments on the motion to remand considering is jurisdiction"), *citing Bell v. Hood,* 327 U.S. 678, 681 (1946); *Dacosta v. Novartis Ag*, 180 F. Supp. 2d 1178, 1181 (D. Or. 2001) ("To resolve fraudulent joinder claims, the Court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings, such as affidavits and deposition testimony"); *Morris v. Princess Cruises,* Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (considering the plaintiff's complaint as well as an affidavit submitted with her motion to remand), *citing Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) ("Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."). Thus, even if this court were to accept Defendants' collateral attack on the sufficiency of Plaintiff's complaint, Plaintiff is entitled to submit additional evidence that joinder is proper.[11] As such, Plaintiff alleges that

---

[10] Defendants erroneously cite to *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n. 12 (9th Cir. 1989) for the proposition that "[t]he propriety of removal must be considered based upon the complaint at the time of removal; it is inappropriate to consider proposed amendments to the complaint when attempting to determine if a particular defendant is a sham defendant for the purposes of diversity jurisdiction." Defs' Memo at p. 3. In *Kruso*, the district court found that the Doe defendants named in the plaintiff's complaint were sham. In the order denying the plaintiff's motion for remand, the district court invited the plaintiff to file a motion for reconsideration or an amended complaint, or both. *Id.* at 1420. On review, the Ninth Circuit declined to consider the allegations of the plaintiff's unfiled "Proposed First Amended Complaint" because the district court had refused to consider that evidence when deciding the plaintiff's motion for reconsideration. *Id.* at 1426 n. 12.

[11] Although Defendants' cite several out of circuit cases for the proposition that "district courts have applied the heightened pleading standards of *Iqbal* and *Twombly* to fraudulent joinder analysis, and dismissed a defendant when the plaintiff's complaint failed to allege sufficient specific facts that gave rise to a claim for relief," Defs' Memo at 11, in those cases the courts recognized their ability to considered additional evidence presented by the remanding

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 8

Defendant Zweigart aided and abetted in the unlawful discrimination alleged in Plaintiff's complaint in one or more of the following particulars:

- Mr. Zweigart personally terminated Plaintiff's employment with Defendant.

- At the time of Plaintiff's termination he was 60 years old and had approximately 32 years of experience working with United Rentals and its predecessor. Despite Plaintiff's seniority and experience, other younger employees with far less experience were retained instead of Plaintiff.

- Prior to Plaintiff's termination two other 60 year old employees at the Tigard store were terminated. Plaintiff believes Mr. Zweigart was involved in the termination of both of those employees. At least one of those employees was replaced by a much younger 40 year old person.

*See* Declaration of Eldon Eugene Chambers. Here, because Plaintiff states a cause of action against Defendant Zweigart for violation of ORS 659A.030(1)(g), and because Defendants have failed to meets their burden to prove federal jurisdiction, this case must be remanded.

---

party. *Pascale Service Corp. v. Int'l Truck and Engine Corp.*, No. 07-0247-S, 2007 WL 2905622, *3 (D.R.I. Oct. 1, 2007) (court considered affidavit of the plaintiff asserting additional facts), *Taylor v. Shelter Lincoln Mercury Ltd.*, No. 2:07-CV-0097, 2007 WL 3244701, *2 (W.D. La. Nov. 2, 2007) (court recognized that it may "pierce the pleadings and conduct a summary judgment-type inquiry), and *Tippen v. Republic Fire & Casualty Ins. Co.,* No. 06-7701, 2007 U.S. Dist. LEXIS 87351, *9 (E.D. La. Nov. 28, 2007) ("The scope of the inquiry for improper joinder, however, is even broader than that for Rule 12(b)(6) because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim.").

 Further, Defendants' reliance on *Nusbaum v. Apria Healthcare, Inc.*, 2009 WL 5167766 (N.D. Ohio, Dec. 18, 2009) is erroneous because the court in that case did not apply the *Twombly* and *Iqbal* standard to the plaintiff's motion to remand, but rather applied the *Twombly* and *Iqbal* standard to the defendant's motion to dismiss. *Id.* at *1. Similarly, in *Positive Results Marketing, Inc. v. Buffalo-Lake Erie Wireless System Co.*, 2008 US Dist LEXIS 39924 (M.D. Pa. 2008) the court did not *apply* the *Twombly* standard to the plaintiff's motion to remand but merely applied the familiar standard that remand will be denied based on fraudulent joinder when it is when there is plainly no valid cause of action against non-diverse defendant. *Id.* at *4. The court merely references *Twombly* to illustrate that the plaintiff's breach of contract claim is not "plausible" because the complaint failed to allege that non-diverse defendant was even a party to the contract at issue.

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 9

## D. Defendants' Authority Is Inapposite.

Although Defendants state "this court has frequently concluded that individual supervisors named as defendant in employment discrimination cases were not valid defendants or that they were fraudulently joined," Defs' Memo at 12, the cases cited by Defendants are inapposite. Specifically, Defendants' reliance on *Zasada v. Gap, Inc.*, 2006 U.S. Dist. LEXIS 62483 (D. Or. Aug. 10, 2006) is misplaced because the statute at issue in that case, ORS 659A.112, by its terms only applies to "employers."[12] Further, Defendants' reliance on *Garbayo v. Chrome Data Corp.*, 2001 WL 34039495 (D. Or. April 16, 2001) is erroneous because in *Garbayo* the plaintiff was only seeking the equitable remedies of front and back pay. Similarly, Defendants' reference to *Carlton v. Marion County*, 2004 WL 1442598 (D. Or., Feb 19, 2004) is faulty because *Carlton* was decided before the legislature amended ORS 659A.885 to allow recover of compensatory and punitive damages. Specifically, the *Carlton* court reasoned:

> While the plain text of ORS §659A.030(1)(g) clearly encompasses both employers and employees who would "aid and abet" unlawful discrimination, plaintiff has no remedy in this case against [her supervisor]. Under ORS §659A.885(2), injunctive and equitable relief are the only remedies available to plaintiff under chapter 659 - relief that plaintiff neither seeks nor could she logically seek against [her supervisor].

*Id.* at *5. As stated in Plaintiff's original motion, because ORS 659A.885(3) now allows for recovery of compensatory and punitive damages against an employee who aids or abets unlawful discrimination under ORS 659A.030(1)(g), Plaintiff has stated a cause of action against

---

[12] In 2006, ORS 659A.112 read "[i]t is an unlawful employment practice for *any employer* to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment because an otherwise qualified person is a disabled person." (Emphasis added).

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 10

Defendant Zweigart.

Finally, Defendants' argument that ORS 659A.030 must be interpreted consistent with Title VII is unavailing. Defs' Memo at 13. While it is true that courts have considered federal case law instructive in construing state statutes in the employment discrimination context, the absence of a provision from a federal law will not foreclose application of the provision in a similar state statute.[13] While it is true that the liability scheme under Title VII limits civil liability to the employer, Oregon law specifically expands liability to employees who "aid" or "abet" in unlawful discrimination. *Miller v. Maxwell's Int'l*, 991 F.2d 583 (9th Cir. 1993) (discussing liability under Title VII); 42 USC §2000e-5(g). ORS 659A.030(1)(g). The express text of ORS 659A.030(1)(g) is indicative of the legislature's intent to hold employees who aid and abet unlawful discrimination accountable under state law.

**E.      Defendants Misunderstand The Fundamentals Of Statutory Construction And Misconstrue The Legislative History Of ORS 659A.030.**

Defendants correctly point out that "the selection and enactment of a statute which has been judicially construed is an adoption of that construction unless a contrary intent clearly appears." Defs' Memo at 14, *citing Hiersche v. Seamless Rubber Co.*, 255 F. Supp 682, 685 (D. Or. 1963). Defendants' argument, however, is plagued by the same misrepresentation of the *Schram* and *McPhail* courts' holdings that is fatal to their previous arguments. Specifically, Defendants state "[a]t the time HB 2260 was enacted, ORS 659A had already been interpreted in *Schram* and *McPhail* to preclude a claim against individual supervisors who aid or abet

---

[13] Under Defendants' rationale a plaintiff could not pursue claims for discrimination based on marital status or sexual orientation under ORS 659A.030 because those are not protected characteristics under Title VII. *Compare* ORS 659A.030(1)(a) *and* 42 USC §2000e-2(a)(1).

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 11

discrimination." Def's Memo at 14. This statement is simply not true. As stated previously, the *Schram* court specifically rejected the defendant's argument that supervisors are not individually liable under ORS 659.030 (renumbered ORS 659A.030). *Schram*, 146 Or. App. at 422 ("the plain text of the statute [ORS 659.030(1)(g), now ORS 659A.030(1)(g)] clearly encompasses both employees and employers and reaches those employees who aid and abet unlawful employment practices.").

At the time HB 2260 was enacted, ORS 659A had been interpreted in *Schram* and *McPhail* to preclude a claim *for equitable remedies such as back and front pay* against individual supervisors who aid or abet discrimination. *Schram*, 146 Or. App. at 424; *McPhail*, 165 Or. App. at 598 n. 1; *see* section II.A., *supra*. It was with this knowledge that the legislature enacted HB 2260, which amended ORS 659A.885(3) to allow for recovery of compensatory and punitive damages against those who aid and abet unlawful discrimination.[14] Significantly, the only change HB 2260 made to ORS 659A.885 was to add ORS 659A.030 to the list of statute for which compensatory and punitive damages could be recovered.[15] It is hardly imaginable how much clearer the legislature's intent to provide compensatory and punitive damages could have been.

Further, Defendants' position that inclusion of the phrase "aider or abetter" in ORS

---

[14] ORS 659A.885(3) reads:
(3) In any action under subsection (1) of this section alleging a violation of ORS 25.337, 25.424, **659A.030**, 659A.040, 659A.043, 659A.046, 659A.069, 659A.082, 659A.103 to 659A.145, 659A.199, 659A.230, 659A.250 to 659A.262, 659A.290, 659A.318 or 659A.421:
(a) The court may award, in addition to the relief authorized under subsection (1) of this section [equitable relief], compensatory damages or $ 200, whichever is greater, and punitive damages;
(b) At the request of any party, the action shall be tried to a jury;

[15] A true copy of HB 2260 is attached to Vaccaro Declaration as Exhibit 2.

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 12

659A.886(6) but not ORS 659A.885(1)-(5) is indicative of the legislature's intent not to extend a right of recovery against an individual supervisor sued as an aider and abettor is also unpersuasive. Defs' Memo at 15. The fault in Defendants' argument lies in the fact that the legislature did specifically extend the right to recover compensatory and punitive damages against an one who aids or abets employment discrimination by specifically referencing ORS 659A.030 in ORS 659A.885(3). *See* footnote 13, *supra*. If the legislature did not intend for ORS 659A.030(1)(g) to be included in the remedies provided by ORS 659A.885(3) the legislature would not have made reference to that statue. *Portland Gen. Elec. Co. v. Bureau of Labor & Indus.*, 317 Or. 606, 610, 859 F.2d 1143 (1993) ("[T]he text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent."). Finally, although Defendants' point out that a statute which imposes a new liability must be strictly construed and that courts must not "omit what has been inserted," Defendants' urge this court to ignore the text of the statute and instead find that the legislature did not intend for aiders and abetters to be liable for compensatory and punitive damages. ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or substance, contained therein, not to insert what has been omitted, or to omit what has been inserted."); *State v. Pine*, 336 Or. 194, 201, 82 P.3d 130 (2003) (refusing to accept the State's proposed construction because it "would require omission of words the legislature chose to insert."). Because the interpretation Defendants suggest flies in the face of the text of the statute and legislative history, it cannot stand. *State v. Vasquez-Rubio*, 323 Or. 275, 282-283, 917 P.2d 494 (1996) (court will not rewrite a clear statute based solely on conjecture that the legislature could not have intended a particular result); ORS 174.010; *Pine*, 336 Or. at 201.

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 13

### F. Defendants' Extrinsic Evidence Is Irrelevant.

Defendants assert the theory that monetary relief may not be assessed against an individual's supervisor "applies with particular force with the individual is a lower-level supervisor employed in a large organization." Defs' Memo at 17. Pursuant to Defendants' erroneous interpretation of the *Schram* court's holding and expansion of the dicta regarding large organizations, Defendants present additional evidence that Defendant United Rentals is a large organization. This evidence, however, is irrelevant. The *Schram* court held that individual supervisors are not liable for the equitable remedies of front and back pay. *Schram*, 146 Or. App. at 424. Even if the dicta in *Schram,* where the court notes that Albertsons is a large company with many supervising employees, could be construed as giving the court's holding particular force in the context of suits against large companies, because Plaintiff does not seek back and front pay from Defendant Zweigart, the extrinsic evidence showing that Defendant United Rentals is a large employer is immaterial.

Based on the forgoing, Defendants have failed to meet their burden to establish federal jurisdiction. Since Defendant Zweigart is a non-diverse co-defendant, there is no complete diversity in this case. As a result, this Court lacks subject matter jurisdiction and this case should be remanded back to state court.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 14

## III.

## CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court enter an order remanding this case to the Circuit Court for the State of Oregon for the County of Multnomah.

DATED this 17th day of May, 2010.

        BUSSE & HUNT


        s/ Richard C. Busse
        RICHARD C. BUSSE, OSB #74050
        JEANNETTE A. VACCARO, OSB #09616
        Of Attorneys for Plaintiff Eldon Eugene Chambers

P:\WPDOCS\CHAMBERS\reply to remand opp.wpd

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR 97205
Telephone: (503) 248-0504

PL'S REPLY TO DEFS' MEMO IN OPP TO PL'S MOTION TO REMAND
Page 15