IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELDON EUGENE CHAMBERS,                          Civ. No. 10-62-AA
                                                OPINION AND ORDER
          Plaintiff,

     vs.

UNITED RENTALS, INC., a
Delaware corporation, and
JOHN ZWEIGART,

          Defendants.
_____

AIKEN, Chief Judge:

     Plaintiff filed suit against defendants alleging age
discrimination in violation of Or. Rev. Stat. § 659A.030. Although
plaintiff and defendant Zweigart are both citizens of Oregon,
defendants removed this action to federal court. Defendants claim
that diversity jurisdiction exists between plaintiff and United
Rentals, Inc. (United Rentals), and that Zweigert's citizenship
does not destroy diversity because he was fraudulently joined as a
defendant. Plaintiff now moves to remand this action to state
court on grounds that he alleges a viable state law claim against

1  - OPINION AND ORDER

Zweigert.  Plaintiff's motion is granted.

Diversity jurisdiction requires complete diversity of citizenship between each plaintiff and each defendant.  <u>See</u> 28 U.S.C. § 1332(a); <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996); <u>Allstate Ins. Co. v. Hughes</u>, 358 F.3d 1089, 1095 (9th Cir. 2004).  However, if a non-diverse defendant has been "fraudulently joined," the party's presence does not control the court's determination of diversity.  <u>United Computer Sys., Inc. v. AT & T Corp.</u>, 298 F.3d 756, 761-62 (9th Cir. 2002); <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001).

Fraudulent joinder does not necessarily involve "fraud" as the term is commonly understood; rather, "[f]raudulent joinder is a term of art."  <u>Morris</u>, 236 F.3d at 1067 (quoting <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987)).  A non-diverse defendant is deemed fraudulently joined if the plaintiff fails to state a cause of action against that defendant, and such failure is "obvious according to the settled rules of the state."  <u>Id.</u>  While courts normally "look only to a plaintiff's pleadings to determine removability," where fraudulent joinder is alleged, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."  <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal quotation marks and citations omitted).  If doubt remains whether the complaint states a cause of action, it is resolved in favor of

remanding the case to state court. <u>Smith v. Southern Pac. Co.</u>, 187
F.2d 397, 400 (9th Cir. 1951).

Plaintiff argues that he alleges viable a claim against
Zweigert for "aiding and abetting" United Rentals' unlawful age
discrimination by terminating plaintiff because of his age. <u>See</u>
Or. Rev. Stat. § 659A.030(1)(g). Citing <u>Schram v. Albertson's,
Inc.</u>, 146 Or. App. 415, 934 P.2d 483 (1997) and <u>McPhail v.
Milwaukie Lumber Co.</u>, 165 Or. App. 596, 999 P.2d 1144 (2000),
defendants respond that no individual employee liability attaches
under the statute and that no remedy is available to plaintiff.
Thus, defendants maintain that Zweigert is fraudulently joined as
a defendant.

Or. Rev. Stat. § 659A.030(1)(g) provides that it is an
unlawful employment practice "[f]or any person, whether an employer
or an employee, to aid, abet, incite, compel or coerce the doing of
any of the acts forbidden under this chapter or to attempt to do
so." Contrary to defendants' argument, the Court of Appeals in
<u>Schram</u> did *not* hold that an employee could never be liable for
aiding or abetting an unlawful employment practice. In fact, the
court found that "[t]he plain text of the statute clearly
encompasses both employees and employers and reaches those
employees who aid and abet unlawful employment practices." <u>Schram</u>,
146 Or. App. at 422, 934 P.2d 483. Rather, the court explained
that "[t]he remaining question, however, is whether the legislature

has provided a remedy to a plaintiff who has been discriminated against by an aider and abetter." Id. Ultimately, the court held that the plaintiff had no remedy against the defendant supervisor, because the relevant statute allowed only equitable relief and the plaintiff sought only lost wages, neither of which was recoverable from the supervisors. Id. at 424, 934 P.2d 483 ("[P]laintiff does not seek any remedy against [the defendant supervisors] that is available under the statute on the facts alleged.").

Here, defendants admit that subsequent amendments to Or. Rev. Stat. § 659A.885 permit a plaintiff to recover compensatory and punitive damages as remedies for discriminatory conduct - damages that were not available to the plaintiff in Schram but are available to and sought by plaintiff in this action. See Or. Rev. Stat. § 659A.885(3)(a); Complaint, p. 2. Thus, the facts of this case are clearly distinguishable from Schram, and I do not find that Schram precludes plaintiff's claim against Zweigert. Further, the three-sentence footnote in McPhail that briefly addresses Schram does not persuade me that the law of Oregon is "settled" with respect to supervisor liability under § 659A.030(1)(g), particularly in light of the plain language of the statute. See McPhail, 165 Or. App. at 598, n.1, 999 P.2d 1144. The remaining cases cited by defendants either arose prior to the amendments to § 659A.885 or did not involve supervisor liability under § 659A.030(1)(g).

Finally, defendants maintain that plaintiff fails to allege sufficient facts to allege an aiding and abetting claim.  Whether plaintiff's factual allegations are sufficient is a question properly addressed by the Oregon courts.  In sum, I do not find that plaintiff's failure to state a cause of action against Zweigert is "obvious according to the settled rules of the state."  <u>Morris</u>, 236 F.3d at 1067.  Therefore, remand is required.

<u>CONCLUSION</u>

Plaintiff's Motion to Remand (doc. 11) is GRANTED, and defendants' Motion to Dismiss or to Compel Arbitration (doc. 6) is DENIED as moot.  This action is HEREBY REMANDED to the Circuit Court of the State of Oregon for the County of Multnomah.

Dated this  6   day of July, 2010.


        /s/ Ann Aiken
        Ann Aiken
   United States District Judge
`

5  - OPINION AND ORDER